IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| REBEKAH SCHIEFERLE, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.  09-CV-3342 |
| CITY OF ROODHOUSE, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:**

Before the Court is Plaintiff's Application for Entry of Default *Judgment* (d/e 9) filed July 28, 2010, Defendant's Motion to Vacate Default (d/e 10) filed August 27, 2010, and Plaintiff's Response to Motion to Vacate (d/e 11) filed September 13, 2010.  The Court is proceeding with a Report and Recommendation as Plaintiff's Application for Entry of Default *Judgment* (d/e 9) is dispositive in nature.

BACKGROUND

On July 19, 2010, the undersigned entered an Order of Default (d/e 8) entering default against Defendant City of Roodhouse and giving Plaintiff fourteen days to make application for entry of default judgment.  Plaintiff timely filed her application for default judgment.  That Order of Default (d/e 8) set forth the rather lengthy history of this case (which is summarized again below),

including that Defendant had not filed its answer to the complaint until approximately four months after service of process upon Joe Snyder, Mayor, Defendant City of Roodhouse, and that Court-directed responses were not timely filed by Defendant:

1)   Plaintiff's Complaint was filed December 31, 2009 and summons was issued to Defendant City of Roodhouse on January 4, 2010.

2)   Summons (d/e 3) was returned executed upon Joe Snyder, Mayor, Defendant City of Roodhouse, on January 22, 2010.

3)   Defendant's answer was not properly filed with this Court until May 27, 2010 (d/e 6), one day after Plaintiff had filed her Motion for Entry of Default (d/e 5) on May 26, 2010 - over four months from the date Defendant was served.  *However, the Plaintiff stipulates in its Response to Motion to Vacate (d/e 11) that Defendant did provide an answer via certified mail to Plaintiff on February 8, 2010.*

4)   This Court by Text Order dated June 16, 2010 noted that Defendant's answer was untimely and requested that Plaintiff advise via status report whether she wished to proceed with the Motion for Entry of Default.

5)   Plaintiff's Status Report (d/e 7) filed June 30, 2010 advised that Plaintiff did wish to proceed with her motion for default.

6)   This Court by Text Order dated June 30, 2010 directed Defendant City of Roodhouse to file a response to the Status Report (d/e 7) and Motion for Entry of Default (d/e 5) by July 15, 2010.

7)   Defendant failed to file a response to either pleading.

As explanation, in its Motion to Vacate Default (d/e 10), Defendant states that it did timely respond to Plaintiff's complaint even though it's answer was

not electronically filed with the Court, and that it had depended upon its insurer to provide legal counsel, but coverage was denied.  Defendant further indicated it planned to defend the case and that legal counsel would be obtained that is familiar with Federal Court procedure within 30 days of the filing of its motion. Defendant states that Plaintiff was not prejudiced by Defendant's failure to timely electronically file its answer.   After reviewing the pleadings and Plaintiff's Response (d/e 11), the Court sees no reason to believe that is not the case. Defense counsel's inexperience in not electronically filing the answer should not cause such a drastic result inasmuch as Plaintiff's counsel had Defendant's answer "in her hand" on February 8, 2010.   However, the Court does acknowledge the history of this case and reminds defense counsel of the necessity of timely responses to the orders of this Court.

ANALYSIS

The Seventh Circuit has long held that the decision to enter default lies within the District Court's discretion.  O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir., 1993).  Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing.  C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir., 1984).  Herein, default judgment has not been entered.  Defendant has already provided its answer.

The Court does not see prejudice to the Plaintiff in allowing this case to be litigated on its merits.

## CONCLUSION

UNDER THESE FACTS, IT IS RESPECTFULLY RECOMMENDED that Plaintiff's Application for Entry of Default *Judgment* (d/e 9) be DENIED, that Defendant's Motion to Vacate Default (d/e 10) be ALLOWED, that the Order of Default (d/e 8) be VACATED, and that the Defendant's Answer (d/e 6) be allowed to stand.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen (14) days after ECF service of this Report and Recommendation. Fed. R. Civ. P. 72(b);  28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).  See also Local Rule 72.2.

ENTERED this 16th day of September, 2010.

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE